UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| BRENDA McKNIGHT, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>MICHAEL J. ASTRUE, )<br>Commissioner of Social Security, )<br>)<br>Defendant. ) | CIVIL ACTION NO.<br>5:06-CV-284-C<br>ECF |

## REPORT AND RECOMMENDATION

Plaintiff Brenda McKnight seeks judicial review of a decision of the Commissioner of Social Security denying her application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). The United States District Judge reassigned this case to the United States Magistrate Judge for all proceedings. McKnight did not consent to the jurisdiction of the United States Magistrate Judge. This court, therefore, transferred the action to the docket of the United States District Court. Pursuant to the order reassigning this case, the undersigned now files this Report and Recommendation and recommends that the District Court affirm the Commissioner's decision.

**I. Statement of the Case**

McKnight claimed she suffered from rheumatoid arthritis, osteoarthritis, and hepatitis C and that she was no longer able to work as a home health care provider because she could no longer lift her patients. (Tr. 143.) The Administrative Law Judge (ALJ) determined that McKnight was capable of performing sedentary work with limitations, that there were a

number of jobs existing in the national economy that she could perform, and that she was therefore not disabled and not entitled to DIB and SSI. (Tr. 20-22.) The Appeals Council denied McKnight's request for review. (Tr. 5-7.)

McKnight claims the ALJ erred as a matter of law at step three of the sequential disability analysis[1] because he failed to consider whether her impairments rendered her disabled under the Listings in the Commissioner's regulations. McKnight claims she was diagnosed with hepatitis B and C and that her impairments are medically equivalent to the criteria of Listing 5.05(F)(3), the listing for chronic liver disease with hepatic cell necrosis or inflammation. She claims the ALJ did not analyze whether her impairment met the criteria of Listing 5.05(F)(3) and that he erred because he failed to request expert medical opinion regarding whether her impairments met the listing.

## II. Discussion

### A. *McKnight did not meet the burden of showing that her impairments met the criteria of Listing 5.05(F)(3)*

The claimant bears the burden of proof at step three of the sequential analysis. To satisfy this burden, the claimant must produce medical evidence showing that his impairments meet or are medically equivalent to the criteria of a listing; a claimant will not

---

[1] The Commissioner considers the applicant's claim under a five-step sequential analysis. 20 C.F.R. § 416.920 (2007); *see Newton v. Apfel*, 209 F.3d 448, 453 (5th Cir. 2000). Under the sequential inquiry, the ALJ decides whether the applicant: (1) is not working in substantial gainful activity; (2) has a severe impairment; (3) has an impairment that meets or equals a listed impairment in Appendix I of the regulations; (4) has an impairment that prevents him from doing past relevant work; and (5) has an impairment that prevents him from doing any other work. *Id.* If the ALJ determines at the third step of the analysis that the medical severity of the claimant's impairment meets or equals the criteria of one of the listed impairments in appendix 1 of subpart P in the Commissioner's regulations and that the impairment lasted or can be expected to last at least twelve months, disability is presumed and the evaluation ends in the claimant's favor. 20 C.F.R. § 416.920(d); *see Loza v. Apfel*, 219 F.3d 378, 390 (5th Cir. 2000).

be presumed disabled under a listing in the Commissioner's regulations unless the claimant provides medical findings supporting each of the criteria of the listing at issue. *See Selders v. Sullivan*, 914 F.2d 614, 619 (5th Cir. 1990) (citing *Sullivan v. Zebley*, 493 U.S. 521, 531 (1990)).

Listing 5.05(F)(3) requires confirmation of chronic liver disease by liver biopsy and "hepatic cell necrosis or inflammation, persisting for at least three months, documented by repeated abnormalities of prothrombin time and enzymes indicative of hepatic dysfunction." 20 C.F.R. part 404, subpart P, appendix 1 § 5.05(F)(3). As to the first criterion, which requires confirmation of chronic liver disease by liver biopsy, McKnight claims she underwent a liver biopsy on March 24, 2004, and that the results indicated she suffered from hepatitis B and C. (*See* Tr. 334, 336.) The evidence demonstrates that McKnight underwent a liver biopsy, was diagnosed with hepatitis B and C, and that she had a history of the diseases at the time of the biopsy. (Tr. 336.) In regard to the second criterion, which requires evidence of hepatic cell necrosis or inflammation that persists for at least three months and that is documented by repeated abnormalities of prothrombin time and enzymes indicative of hepatic dysfunction, McKnight acknowledges that the medical evidence does not document prothrombin time results. She attempts to show that other evidence demonstrates the medical equivalent of abnormalities of prothrombin time results. She argues that prothrombin time is a blood test that measures the time it takes for the plasma of the blood to clot and that the evidence documents that she had a low platelet count on

November 20, 2004.[2]

As McKnight acknowledges, the medical evidence does not include documentation of repeated abnormalities of prothrombin time and enzymes. And the evidence showing that she had a low platelet count on November 20, 2004, does not establish equivalency of repeated abnormalities of prothrombin time and enzymes. Even if the court were to assume that a low platelet count was the medical equivalent of abnormalities of prothrombin time and enzymes, the listing requires documentation of repeated abnormalities of prothrombin time and enzymes. *See* § 5.05(F)(3). McKnight has not pointed to evidence showing repeated low platelet counts. She claims only that tests showed she had a low platelet count on November 20, 2004. (*See* Tr. 286.) The evidence shows that her platelet counts were within normal limits on April 30, 2003, on November 2, 2001, and on September 11, 2001. (Tr. 239, 380, 407.) In addition, McKnight has not produced evidence demonstrating that she suffered for at least three months from low platelet counts or other symptoms that might demonstrate hepatic cell necrosis or inflammation. These facts are fatal to McKnight's argument that her hepatitis was medically equivalent to the criteria of Listing 5.05(f)(3). *See Selders*, 914 F.2d at 619 (claimant must provide medical findings that support each of the criteria for equivalency determination); *see also* 20 C.F.R. § 404.1526(b) (claimant bears the burden of showing with medical

---

[2] McKnight further notes that prothrombin time tests serve as a screening device through which physicians diagnose bleeding disorders. She further notes that thrombocytopenia is the medical term for a low blood platelet count and that thrombocytopenia is equivalent to an abnormal platelet count because both conditions point to a risk for abnormal bleeding.

evidence that his impairments medically equal the criteria of a listing).

  B. *<u>The ALJ was not required to specifically discuss whether McKnight's impairments met the criteria of Listing 5.05(F)(3)</u>*

  The ALJ determined that McKnight suffered from severe impairments but that she did not have an impairment or combination of impairments listed in or equal in severity to an impairment in the Commissioner's Listings. (Tr. 15, 18.) The ALJ acknowledged that McKnight suffered from hepatitis B and C. (Tr. 16.) Although he did not specifically discuss listing 5.05(F)(3) and whether McKnight's hepatitis met or was medically equivalent to the listing, this fact is not reversible error. The Fifth Circuit Court of Appeals has not addressed whether the ALJ must specifically articulate reasons for his step three determination; however, the Eighth Circuit Court of Appeals has rejected such an approach. *See Senne v. Apfel*, 198 F.3d 1065, 1067 (8th Cir. 1999) (rejecting claimant's argument that the ALJ must make specific findings as to whether a claimant's impairment meets the criteria of a listing in the regulations).

  The Fifth Circuit Court of Appeals has, in the context of credibility determinations, rejected an approach that would require the ALJ to "articulate specifically the evidence that supported his decision and discuss the evidence that was rejected." *See Falco v. Shalala,* 27 F.3d 160, 163 (5th Cir. 1994). In *Falco*, the court held that specific articulation is necessary only when the evidence clearly favors the claimant. *Id*. In this case, the evidence does not clearly favor McKnight. The evidence does not demonstrate that McKnight's hepatitis was severe enough to meet each of the criteria of Listing 5.05(F)(3), and McKnight had not produced medical findings that would demonstrate that her hepatitis

5

was medically equivalent to the criteria of Listing 5.05(F)(3).

C.      *The ALJ was not required to obtain the opinion of a medical expert*

Citing 20 C.F.R. § 404.1526 and Social Security Ruling 96-6p, McKnight claims the ALJ erred because he did not consult a medical expert as to whether her impairments were equivalent to Listing 5.05(F)(3). McKnight's contention is without merit. Section 404.1526(c) directs that in determining whether a claimant's impairments medically equal a Listing, the decision-maker considers all evidence in the claimant's case record as well as opinion provided by one or more medical or psychological consultants designated by the Commissioner.[3] 20 C.F.R. § 404.1526(c). According to Ruling 96-6p, when the ALJ determines that the claimant's impairments are not equivalent to a listing in the regulations, the requirement to receive expert opinion evidence may be satisfied by determinations made by State agency consultants at the initial and reconsideration stages. SSR 96-6P, 1996 WL 374180, at *2-3. In this case, the ALJ stated that in reaching his step three conclusion, he considered the opinions of the State agency medical consultants who evaluated McKnight's claim at the initial and reconsideration stages and who had also concluded that she was not disabled under a listing. (Tr. 18; *see* Tr. 522-23.) The ALJ considered medical expert opinion in determining that McKnight's impairments did not meet or medically equal a listed impairment. McKnight's contentions to the contrary must be rejected.

---

[3] The regulation further directs that medical equivalence is determined by State agency medical or psychological consultants at the initial and reconsideration stages and that the determination is made by the ALJ in cases before an ALJ and by the Appeals Council in cases before the Appeals Council. 20 C.F.R. § 404.1526(c).

Finally, McKnight points to a directive in Ruling 96-6p which requires the ALJ and Appeals Council to obtain updated medical opinion from a medical expert when (1) in the opinion of the ALJ or Appeals Council, the medical evidence in the record suggests that a judgment of equivalence may be reasonable; and (2) when additional medical evidence is received into the record and the ALJ or Appeals Council believes the new evidence may change the State agency consultants' findings. SSR 96-6P, 1996 WL 374180, at *3. Neither situation was present in this case.

## III. Conclusion and Recommendation

The court is required to determine whether the record contains substantial evidence to support the Commissioner's final decision, *Brock v. Chater*, 84 F.3d 726, 728 (5th Cir. 1996); the court must review the record in its entirety to make this determination, *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990). After doing so in this case, this court finds that the ALJ considered the evidence regarding McKnight's impairments and found that her impairments did not meet the criteria of any listing. This determination as well as the ALJ's ultimate finding of non-disability is supported by substantial evidence. (*See, e.g.,* Tr. 291-92, 467-73, 494, 522-23, 560.) It is therefore recommended that the United States District Court affirm the Commissioner's decision and dismiss McKnight's appeal with prejudice.

## IV. Right to Object

Pursuant to 28 U.S.C. § 636(b)(1), any party has the right to serve and file written objections to the Report and Recommendation within ten days after being served with a copy

of this document. The filing of objections is necessary to obtain de novo review by the United States District Court. A party's failure to file written objections within ten days shall bar such a party, except upon grounds of plain error, from attacking on appeal the factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc).

Dated: September 28, 2007.

NANCY M. KOENIG
United States Magistrate Judge