UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| BRENDA McKNIGHT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 5:06-CV-284-C |
| ) | ECF |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

### ORDER OVERRULING OBJECTIONS AND ADOPTING THE UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Brenda McKnight is appealing a decision of the Commissioner of Social Security denying her application for Disability Insurance Benefits. The United States Magistrate Judge entered a Report and Recommendation, and Plaintiff filed objections to the Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b). The Commissioner has not responded to Plaintiff's objections.

Upon the filing of objections, a district court reviews *de novo* a Report and Recommendation and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge, receive further evidence, or recommit the matter to the magistrate judge. *Id.* The Court has made a *de novo review* of the records and finds that the Plaintiff's objections should be **OVERRULED** and that the United States Magistrate Judge's Report and Recommendation should be **ADOPTED** with modifications.

## I.

Plaintiff appealed the Commissioner's decision arguing that the Administrative Law Judge (ALJ) erred as a matter of law at step three of the Commissioner's sequential disability analysis because he did not analyze whether her impairments satisfied the criteria of Listing 5.05(F)(3) in the regulations and because he failed to request expert medical opinion regarding whether her impairments met the listing. The United States Magistrate Judge determined that the ALJ was not required to specifically discuss whether McKnight's impairments met the criteria of Listing 5.05(F)(3) and that he was not required to obtain the opinion of a medical expert. McKnight objects only to the determination that the ALJ was not required to discuss whether her impairments met the criteria of Listing 5.05(F)(3).

## II.

Prior to Plaintiff's appeal the Fifth Circuit Court of Appeals had not addressed whether the ALJ must articulate findings as to whether a claimant's impairments meet or medically equal the criteria of a specific listing. However, the court recently addressed the issue in *Audler v. Astrue*, – F.3d – , 2007 WL 2745001 (5th Cir. Sept. 21. 2007). The court held that in the absence of an explanation that would support the ALJ's step three finding, a conclusory statement indicating that the claimant's impairments are not severe enough to meet or medically equal the criteria of a listing is insufficient for meaningful judicial review. *Id*. at *1. The court also held, however, that in such a case, the reviewing court must determine whether such an omission is harmless error. *Id*. at *2.

Error is considered harmless and does not necessitate remand so long as "'the substantial rights of a party have not been affected.'" *Id*. (quoting *Mays v. Bowen*, 864 F.2d 333, 334 (5th Cir. 1988)). In the context of Social Security appeals, error is considered harmless in cases in

2

which the ALJ would not have reached a different decision in the absence of the error. *See Frank v. Barnhart*, 326 F.3d 618, 622 (5th Cir. 2003) (addressing the ALJ's discussion of the claimant's credibility and finding no reversible error because it was "inconceivable that the ALJ would have reached a different conclusion" had he accepted the claimant's testimony).

The United States Magistrate Judge discussed the evidence and the criteria of Listing 5.05(F)(3) and determined that Plaintiff's impairments did not satisfy the criteria of the listing. This determination is correct. The evidence does not support a finding that Plaintiff's impairments meet or medically equal the criteria of Listing 5.05(F)(3) or any other listing. Substantial evidence supports the ALJ's ultimate conclusion at step three of the sequential disability analysis and his ultimate conclusion that Plaintiff was not entitled to Disability Insurance Benefits. The fact that the ALJ did not specifically discuss the evidence in context of Listing 5.05(F)(3) was harmless error that does not necessitate remand. It is therefore,

**ORDERED** that Plaintiff's objections are overruled, that the findings and conclusions of the United States Magistrate Judge are hereby **ADOPTED** with modifications as the findings and conclusions of the Court, and that the above-styled and numbered cause is dismissed with prejudice.

Dated October 29, 2007.

_____
SAM R. CUMMINGS
UNITED STATES DISTRICT COURT